**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**

MARSHALL DEWAYNE WILLIAMS,

                Petitioner,

v.                              CASE NO. 09-CV-127
                              HONORABLE STEPHEN J. MURPHY, III

J.C. ZUERCHER,

                Respondent,

_____/


**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR**
**WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241**

      Marshall Dewayne Williams, (petitioner), currently incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he challenges the execution of his sentence by the Bureau of Prisons (BOP).  This Court has been designated by the United States Court of Appeals for the Sixth Circuit to hear this case, following a decision by the judges of the United States District Court for the Eastern District of Kentucky to recuse themselves from the matter.[1]  For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily denied.

_____

[1] *See* Designation of District Judge for Service in Another District Within His Circuit, signed by the Honorable Alice M. Batchelder, Chief Judge for the United States Court of Appeals for the Sixth Circuit, dated December 21, 2009; *See also* Order of Recusal signed by Chief Judge Jennifer B. Coffman of the United States District Court for the Eastern District of Kentucky, dated December 14, 2009.

## I.  Background

Mr. Williams was convicted by a jury in the United States District Court for the Northern District of Texas of one count of malicious destruction of property used in interstate commerce, resulting in death, one count of possession of an unregistered firearm, and one count of making a firearm without regulatory approval.  Mr. Williams' conviction was affirmed on appeal, but the Fifth Circuit vacated Mr. Williams' life sentence on the charge of malicious destruction of property resulting in death and remanded for resentencing. *See United States v. Williams,* 775 F.2d 1295 (5th Cir. 1985); *cert. den.* 475 U.S. 1089 (1986).  On remand, Mr. Williams was resentenced to ninety nine years in prison on this count.

Mr. Williams filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Williams,* U.S.D.C. 84-00148 (N.D. Tex. January 21, 1986).  The Fifth Circuit affirmed the denial of the motion. *United States v. Williams,* 819 F. 2d 605 (5th Cir. 1987); *reh. den.* 826 F. 2d 12 (5th Cir. 1987); *cert. den.* 484 U.S. 1017 ( 1988).

Mr. Williams subsequently filed a petition for writ of habeas corpus in the United States District of Kansas pursuant to 28 U.S.C. § 2241, in which he again challenged the constitutionality of his conviction.  The petition for writ of habeas corpus was denied. *Williams v. Ray,* U.S.D.C. No. 01-3270 (D. Kan. December 28, 2001) (adopting Magistrate Judge's Report and Recommendation of September 4, 2001).  The Tenth Circuit affirmed the denial of the petition. *Williams v. Ray,* 46 Fed. Appx. 598 (10th Cir. 2002).

Mr. Williams then filed a petition for writ of habeas corpus in the Northern District of Texas, which was transferred to the District of Kansas and was ultimately denied as being

2

successive to Mr. Williams' prior petition. *Williams v. INS*, *et al*, U.S.D.C. No. 02-3436 (D. Kan. January 20, 2005) (adopting Magistrate Judge's Report and Recommendation of February 7, 2003).

Mr. Williams then filed a motion to correct sentence under former Federal Rule of Criminal Procedure 35(a).  The motion to correct sentence was denied. *United States v. Williams,* U.S.D.C. 84-00148 (N.D. Tex. October 30, 2003).  The Fifth Circuit affirmed the denial of the motion. *United States v. Williams,* 110 Fed. Appx. 400 (5th Cir. 2004).

Mr. Williams and several other federal prisoners then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which they argued that they were entitled to resentencing under the federal sentencing guidelines, which had been enacted subsequent to their convictions.  The petition for writ of habeas corpus was denied. *Bledsoe v. United States,* U.S.D.C. No. 01-3168 (D. Kan. July 1, 2003) (adopting Magistrate Judge's Report and Recommendation of January 28, 2002).  The Tenth Circuit affirmed the denial of the petition. *Bledsoe v. United States,* 384 F.3d 1232 (10th Cir. 2004); *cert. den.* 544 U.S. 962 (2004).

Mr. Williams subsequently filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he brought a challenge to the constitutionality of his continued custody with the BOP, similar to the challenge that he brings in his current petition.  This petition was also denied. *Williams v. Outlaw,* U.S.D.C. No. 05-2305 (W.D. Tenn. March 21, 2006). The Sixth Circuit affirmed the denial of the petition. *Williams v. Outlaw,* U.S.C.A. No. 06-5560 (6th Cir. December 5, 2006). [2]

---

[2]   This Court obtained much of the information concerning Mr. Williams' cases from the PACER system, which this Court is entitled to take judicial notice of. *See*

On August 17, 2009, Mr. Williams filed a "petition for emergency writ of habeas corpus ad subjiciendum" with the United States District Court for the Eastern District of Kentucky.  On November 6, 2009, Mr. Williams was ordered to re-submit his petition for writ of habeas corpus on an E.D. Ky. Form 521, which was provided to him.  On December 4, 2009, Mr. Williams resubmitted his petition for writ of habeas corpus on this form.  As mentioned above, the judges of the United States District Court for the Eastern District of Kentucky have recused themselves from this case and this Court has been designated to hear the matter.

Mr. Williams claims that the BOP no longer has authority to continue him in federal custody, because of the repeal of 18 U.S.C.§§ 4082(a) and 4084 by section 218(a) of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987.

## II.  Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998).  Nonetheless, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are

---

*Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

4

attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*  Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted).

Mr. Williams is not entitled to habeas relief on his claim because he has already challenged the BOP's authority to continue holding him in custody in light of the repeal of 18 U.S.C. § 4082(a) by the Sentencing Reform Act in his prior habeas petition before the United States District Court for the Western District of Tennessee and the Sixth Circuit.  In affirming the dismissal of the petition, the Sixth Circuit noted that even though § 4082(a) was repealed, the BOP did not lose power to continue Mr. Williams in custody, because of the General Savings Clause found in 1 U.S.C. § 109. *See Williams v. Outlaw,* U.S.C.A. No. 06-5560, * 2  (6th Cir. December 5, 2006) (citing *Harris v. Sivley,* No. 92-15429, 1993 WL 210672, * 2 (9th Cir. June 15, 1993). [3]

---

[3] At the time of Mr. Williams' conviction, 18 U.S.C. § 4082(a) read: "A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall

Habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. *See e.g. Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-1357 (N.D. Ga. 1998) (denying habeas petition when petitioner's claims had already been ruled upon adversely in his prior motion to vacate sentence).   Under the doctrine of claim preclusion, a final judgment bars any and all claims by a litigant based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994).  Mr. Williams' habeas application is barred by the doctrine of claim preclusion because Mr. Williams' claim is virtually identical to the claim in his prior habeas petition concerning the authority of the BOP to continue to hold him in custody following the repeal of Section 4082(a). *See Lanthron v. U.S.,* 3 Fed. Appx. 490, 491 (6th Cir. 2001); *See also Smith v. Reno,* 3 Fed. Appx. 403 (6th Cir. 2001).  Accordingly, Mr. Williams is not entitled to habeas relief on his claim.

The Court notes that Mr. Williams mentioned in passing in his original petition for emergency writ of habeas corpus that he has "repeatedly [been] subjected to unlawful beatings, physical and mental abuse, torture in the form of sensory deprivation and overload, hypothermia[,] cold torture, sleep deprivation, ambulatory restraints, four-point "Rack" torture for multiple consecutive days and finally being handcuffed behind his back,

---

be served."  18 U.S.C. § 4084, as it existed at the time of Mr. Williams's conviction provided: "Whenever a prisoner is committed to a warden, sheriff, or jailer by virtue of a writ, or warrant, a copy thereof shall be delivered to such officer as his authority to hold the prisoner, and the original shall be returned to the proper court or officer, with the officer's return endorsed thereon."

choked, and assaulted by having a broken broom stick jammed repeatedly into his buttocks and rectum until he had to be taken to the hospital." [4]

It is unclear whether Mr. Williams is seeking relief for these allegations.  A § 2241 habeas petition is not the appropriate vehicle for a prisoner to challenge the conditions of his confinement. *See Velasco v. Lamanna,* 16 Fed. Appx. 311, 314 (6th Cir. 2001).  These types of claims may not be brought under 28 U.S.C. § 2241, because this statutory section is reserved for challenges to the execution of a sentence and may not be used to challenge the validity of a conviction or the conditions of confinement.  *Id.*  Instead, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971).

This Court, will not, however, convert Mr. Williams' habeas petition into a civil action brought pursuant to *Bivens.*  The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997).  Under the PLRA, when an inmate seeks pauper status, the only issue for the district court to determine is whether the inmate is required to pay the entire three hundred and fifty ($ 350.00) dollar filing fee at the outset of the case or over a period of time under an installment plan. *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  If a prisoner wishes to file a civil action and seek pauper status, the prisoner must file an affidavit of

---

[4]  See "Petition for emergency writ of habeas corpus ad subjiciendum", pp. 4-5.

indigency as well as a certified copy of his or her prison account statement showing the activity in the inmate's prison account for the previous six months. *Id.* at 605.      I      n addition, the PLRA requires that district courts screen all civil cases brought by prisoners. See *McGore*, 114 F. 3d at 608.   If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612.   Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *See McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).


Finally, a federal district court may dismiss an incarcerated plaintiff's civil case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C.§ 1915(g) (1996); *See also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999).

Because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under 42 U.S.C. § 1983 or *Bivens* should dismiss the petition, rather than "converting" the petition to a civil action brought pursuant to § 1983 or *Bivens*. *See e.g. Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-

8

characterize it as a § 2254 petition without notice to petitioner).

## III.  ORDER

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.**   Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), Mr. Williams need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  February 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager